STATE OF MISSOURI, Defendant in Error, *v.* NATHAN CULP, Plaintiff in Error.

*Criminal Practice — Recognizance — Scire Facias.* — The return of "not found within the county" upon two successive writs of *scire facias,* upon a recognizance of bail in a criminal case, is equivalent to a service of the writ, and execution may be awarded against the principal upon his failure to appear and plead.

*Error to Buchanan Circuit Court.*

*H. M. & A. H. Vories,* for plaintiff in error.

Two *nihils* is no service under the present statute. By the act of 1835 (R. C. 1835, p. 454), it is provided under the head of proceedings against bail, &c., that two returns of "not found" shall be a good service, but in the after acts this is wholly omitted, which amounts to an implied repeal of said provision—R. C. 1855, pp. 1179–80, & p. 1191, §§ 15 to 18.

*Parker,* and *Wm. H. Sherman,* for defendant in error.

I. The writs of *scire facias* in this case are sufficient to sustain the judgment rendered against the plaintiff in error by the court below. Nothing need be shown to sustain a writ but the record of the entries and proceedings in the Circuit Court, and it is sufficient if enough appears thereon to justify an award of execution—State v. Randolph, 22 Mo. 481; State v. Littlepage, 38 Mo. 322.

II. The omission of the sheriff to date the service or return of the first writ of *scire facias* in this case, and the fact that the second writ does not show upon its face that it is an *alias* writ, can avail the plaintiff in error nothing in this court. These omissions or defects are supplied or cured by the statute of jeofails—R. C. 1855, p. 1256, §§ 19, 20, 22.

II. It is a common-law rule that a return of two "*nihils*" to two successive writs of *scire facias* are equivalent in law to a service of the writ, and will justify a final judgment and

an execution thereon—State v. Randolph, 22 Mo. 478; Saus. v. People, 3 Gilm. 327; Graham v. State, 7 Blackf. 313; Kearnes v. State, 3 Blackf. 334; McRea v. Mattoon, 13 Pick. 53; West v. Commonwealth, 3 J. J. Marsh. 641; Callaway v. Eubanks, 4 J. J. Marsh, 280; Cumming v. Eden, 1 Con. 78; Chambers v. Carson, 2 Wheat. 9; Cox v. McFerron, Breese (Ala.) 10; Bouv. Law Dic., tit. Nihil. This seems to be recognized as the rule of the common law by the courts of almost every State in the Union.

HOLMES, Judge, delivered the opinion of the court.

The material question is whether the return of "not found within the county" upon two successive writs of *scire facias*, upon a recognizance of bail in à criminal case, may be taken as equivalent to service, and thereupon execution be awarded on failure to appear and plead. That such was the rule of the common law, there would seem to be no room for doubt. This was distinctly recognized in the case of the State v. Randolph, 22 Mo. 483. The same practice has been followed in several States of the Union, when not otherwise provided by statute—McRea v. Mattoon, 3 Pick. 53; Saus v. People, 3 Gilm. 327. The prisoner is to be considered as in the custody of his bail, who is bound to have him in court on the day named; and he is not to depart until discharged by the court. The bail must know that he is there, or, if not there, that a forfeiture of recognizance will be taken against them; and that upon a return of two *nihils* upon the writs of *scire facias*, and on failure to appear and plead, he will be in default, and that an execution will be awarded. The venue must be laid in the same county where the recognizance is taken, for the reason that the defendant is presumed to reside in the county—1 Chit. 299. The statute authorizes him to plead payment only in discharge—R. C. 1855, p. 1240, § 57. It is not the commencement of a civil action, but only a continuation of the former proceeding, to which he is a party in court, and such return of two successive writs may very well be deemed equivalent to notice. If the party be

attentive to his obligations, he will not be in much danger of suffering hardship by this rule. Such was the practice under the statute of 1835, when a *capias* was allowed in civil cases. That statute has never been repealed; but we know of no statute provision now in force which changes the common law on this subject.

It was objected, also, that the second writ was not expressed on its face to be an *alias*. So far as this imperfection may be a defect in the process, it was cured by the statute of jeofails.

The judgment will be affirmed. The other judges concur.

