THE STATE OF MISSOURI, Respondent, *v.* THOMAS FURGUSON, Appellant.

1. *Recognizance* — Scire facias — *Variance.*— Where, a recognizance having been entered into in open court for appearance at the next term, *scire facias* thereon alleged that said recognizance was entered into before Judge A., of that court, such allegation was held no variance. The writ of *scire facias* was a part of the original case, and its issue opened the whole record to see what the recognizance was.

*Appeal from Linn Circuit Court.*

*G. D. Burgess,* for appellant.

The recognizance, executed by the defendant and John A. Furguson before the Circuit Court of Chariton county, was improperly admitted in evidence. It is not the recognizance recited in the *scire facias.* The allegations in the *scire facias* are that the recognizance was executed before R. A. DeBolt, judge of the

Chariton Circuit Court, while the one which was read in evidence was taken by the Circuit Court of Chariton county. This was a variance that was fatal, and defendant's objections should have been sustained. (Jones v. Louderman, 39 Mo. 290; Deickman v. McCormick, 24 Mo. 598; Beck v. Ferrara, 19 Mo. 30.)

*Metcalf*, for respondent.

The court did not err in permitting the whole record to be given in evidence in the cause. The answer of the appellant to the *scire facias* reached not only to the writ, but to the whole record. (The State v. Rogers *et al.*, 36 Mo. 138.)

ADAMS, Judge, delivered the opinion of the court.

The defendant was indicted in the Chariton Circuit Court for an assault with intent to kill, and entered into a recognizance in open court for his appearance at the next term. He failed to appear at the next term, and a judgment of forfeiture was taken and entered upon his recognizance, and a *scire facias* issued against him on this forfeiture. In describing the recognizance the *scire facias* states that it was taken before DeBolt, judge of the Circuit Court.

The defendant by answer denied that he had entered into any recognizance before DeBolt, the circuit judge. The State replied that it was entered into before the said DeBolt in open court, he being the circuit judge sitting at the time. The case was submitted to the court for trial and the court found for the State, and gave judgment against the defendant for the amount of the forfeited recognizance, and the defendant filed the usual motions for new trial and in arrest.

The only point made here is that there is a variance between the recognizance described in the *scire facias* and the one contained in the record. Under our practice in those cases no petition or declaration is required on a forfeited recognizance, but a writ of *scire facias* issues in the pending case and is a part of it, and the whole record must be looked to to see what the recognizance was.

The answer sets up a mere technicality, a variance which does not in fact exist. The proper plea in such case is *nul tiel* record. When this plea is put in the whole record is examined. So in this case we must disregard this technicality, and if so, we find there' was but one recognizance, and that was entered into in open court while DeBolt was presiding as judge, and must necessarily be the recognizance referred to in the *scire facias*. (See State v. Randolph, 22 Mo. 474.)

Judgment affirmed. The other judges concur.