———O———

STATE OF MISSOURI, Respondent, *vs.* JOHN A. POTTS, *et al.,* Appellants.

1. *Recognizance to appear—Demurrer—Omission of day of the month.*—The condition of a recognizance was, that the principal should "appear at the Circuit Court on the first day of the next term thereof, to be holden on the——day of June next." On *scire facias* on the recognizance against the sureties, *held,* that the omission of the day of the month was not a material defect; and that even if there were any substantial defect in the recognizance, it could not be taken advantage of by demurrer; for a demurrer to a *scire facias* on a forfeited recognizance is not taken as to what appears in the writ or recognizance, but as to what appears of record.

*Appeal from Caldwell Circuit Court.*

*J. M. Hoskinson,* for Appellants.

*Jno. A. Hockaday, Att'y Gen'l, with Crosby Johnson* for Respondent.

WAGNER, Judge, delivered the opinion of the court.

The record shows that one James Potts entered into a recognizance before a justice of the peace, with defendants as his sureties in the sum of one hundred dollars, for his appearance at the Circuit Court to answer to an indictment for petit larceny. The grand jury found and returned into court a true bill against him, but he failed to appear, and a forfeiture of his recognizance was taken. A *scire facias* was thereupon sued out, and the principal was not found; but the sureties, the appellants here, were served. They appeared and filed a demurrer to the record and proceedings, which was overruled and judgment absolute was rendered against them.

The demurrer deals in generalities, and ought to have been disregarded. Without stating particular facts of objection, it merely deduces or asserts conclusions of law. It is claimed that the recognizance is uncertain and indefinite, in the condition as to when the principal should appear; but this does not seem to be borne out by the instrument itself.

The condition is, that Potts shall appear at the Circuit Court on the first day of the next term thereof, to be holden on the —— day of June next. This was not a material defect. He was bound to take notice of the time the court met, and his obligation was to appear on the first day. Even had there been anything substantially defective in the recognizance, it could not have been taken advantage of by demurrer; for a demurrer to a *scire facias* on a forfeited recognizance is not taken as to what appears in the writ or recognizance, but to what appears of record. (State vs. Randolph, 22 Mo., 474.)

The whole proceedings, so far as we have been enabled to discover, are regular enough, and the judgment will be affirmed. The other judges concur.