THE STATE OF MISSOURI, Respondent, *vs.* JOHN C. HEED, *et al.*, Appellants.

1. *Scire facias—Recognizance—Record—Errors—Demurrer.*—A *scire facias* on a recognizance is merely a continuation of an existing proceeding to enforce the collection of a debt confessed, and if enough appears from the record and files of the court to entitle the State to execution, any errors or omissions in the writ will be disregarded on demurrer to the writ.
2. *Scire facias—Demurrer—Recognizance, crime not stated in—Record.*—A demurrer to a *scire facias*, that the recognizance did not state the crime of which the defendant was convicted, is bad, where the title of the original cause is therein stated, and the record of the cause shows the crime, and the recognizance is conditioned according to law, and was properly entered into.
3. *Recognizance to abide appeal—Remanding cause—Circuit court, order of, on defendant to appear for new trial.*—When a defendant enters into a recognizance for an appeal, upon reversal of the cause in the higher court it is his duty to appear for a new trial without further order on him from the trial court to that effect.

### Appeal from Mercer Circuit Court.

*H. J. Alley*, for Appellants.

I. Neither the *scire facias* nor record sets up that the defendant failed to appear in said Supreme Court, or that said Supreme Court ordered him, or made an order, that he appear in the circuit court, or that the Supreme Court entered any forfeiture of the recognizance or certified the same to the circuit court.   (Wagn. Stat., 1113, § 8 ; Id., 1115, §§ 18, 19, 23.)

II. The recognizance does not set up any criminal charge. (1 Arch. Cr. L., 195 ; State vs. Gibbon, 23 La. Ann., 698 ; Thomas vs. People, 13 Ill., 696 ; Nicholson vs. State, 2 Ga., 363.)

The record shows, that the recognizance was taken by the judge, or in the presence of the judge, in vacation and in another county, and does not show that defendant was before him in any manner required by law, or that the judge in vacation, in any manner whatever, acquired jurisdiction or authority to take said recognizance.

*J. A. Hockaday, Att'y Gen'l,* for Respondent.

The transcript of the record contains no copy of the *scire facias* issued in the court below ; there is, therefore, no means by which this court can judge of its sufficiency. (Sudarth vs. Cox, 33 Mo., 149.)

HOUGH, Judge, delivered the opinion of the court.

The defendant, John C. Heed, having been convicted in the Mercer circuit court of the crime of perjury, appealed to this court, and entered into a recognizance before the circuit judge in the sum of one thousand dollars, conditioned as provided in the 8th section of the 8th article of the statute in relation to criminal cases. The judgment of the circuit court was reversed by this court, and the cause was remanded to be re-tried. The defendant Heed failed to appear in the court below when his case was called for trial, and a judgment of forfeiture was taken and entered upon his recognizance, and a *scire facias* was issued against the defendant on this forfeiture. The sureties appeared and demurred to the *scire facias* on several grounds. The demurrer was overruled, final judgment was entered thereon against defendants, and they have appealed to this court.

The *scire facias* is not in the record, but this is not material, as the demurrer to the writ goes also to the record. This writ is not a declaration, nor is it in the nature of a suit on the recognizance, but it is a mere continuation of an existing proceeding to enforce the collection of the debt confessed. If enough appears in the record and files of the court to entitle the State to execution, any errors or omissions in the writ will be disregarded on demurrer to the writ. (State vs. Randolph, 22 Mo., 474 ; State vs. Rogers, 36 Mo., 138 · State vs. Potts, 60 Mo., 368.)

The demurrer raises but two objections which are worthy of notice : First, that the recognizance failed to specify the offense with which the defendant was charged, or any offense on account of which the court or judge was authorized to take the recognizance ; and, second, that it does not appear

that any order was ever made by this court, requiring the defendant, after the reversal of the judgment, to appear in the circuit court for trial.

It is true that the crime, of which the defendant was convicted, was not specified in the recognizance, but the title of the cause from which the appeal was taken, and in which John C. Heed was named as defendant, was stated, and the record shows what the offense, charged in that cause, was. It is admitted in the record that the recognizance was given to abide the judgment of this court in that particular case, and that it was entered into before the circuit judge, and being conditioned according to law, it is certainly sufficient to bind the defendants.

The second objection is based on an apparent, rather than a real, defect in the proceedings.

When the judgment of the circuit court was reversed by this court, no direct or specific order was made, that the defendant should appear in the circuit court, and undergo a new trial, but this was necessarily implied in the order remanding the cause to that court for another trial. The judgment of this court was, that the defendant had been illegally convicted and should be tried again, and this was as binding upon the defendant as upon the State. The defendant was not thereby discharged. The order remanding the cause was one, which, in its very nature, required the parties to that cause to appear before the circuit court for further proceedings in accordance with the opinion of this court. It was the duty of the defendant, in rendering obedience to that order according to the conditions of his bond, to appear at the circuit court and submit himself to trial.

The record recites that he failed so to appear, and such failure was a breach of his recognizance, for which the defendants are liable.

The judgment will be affirmed. All the judges concur, except Judge Vories, who is absent.