STATE OF MISSOURI, Respondent, v. F. M. WEIDEMAN,
Appellant.

St. Louis Court of Appeals, April 24, 1888.

CRIMINAL LAW—SCIRE FACIAS—UNAVAILABLE DEFENCES.—It is no
defence against *scire facias* on a recognizance, that the bond does
not describe the offence charged with the particularity of an
indictment. Words of general description, in short terms, are
sufficient, if they intelligibly identify the subject-matter of the
charge. Nor is it of any materiality that the bond recites an
indictment, when the prosecution was by information.

APPEAL from the Jefferson Circuit Court, HON.
JOHN L. THOMAS, Judge.

*Affirmed.*

JOS. J. WILLIAMS, for the appellant : The recog-
nizance is invalid and cannot be made the foundation of
a judgment, for the reason that it is conditioned for
Leffler's appearance to answer for "riotously disturbing
the peace," which is no offence for which he could have
been proceeded against by indictment or information.
*Commonwealth v. West*, 1 Dana, 165 ; *West v. Common-
wealth*, 3 J. J. Marsh. 641 ; *Cotton v. State*, 7 Texas,
547 ; *Tousey v. State*, 8 Texas, 173. The prosecution
was by information. The recognizance was conditioned
to answer an indictment which, as the court found, had
no existence. This was a fatal variance. 1 Greenl. on
Evid. [14 Ed.] secs. 56, 58, 70 ; 2 *Id.*, sec. 11. It was
unnecessary for the appellant to have resorted to the
course indicated by the statute with respect to variance
(Rev. Stat., sec. 3565), in order to avail himself of this
defence. That section has no application to proceedings
by *scire facias* on forfeited recognizances. *State v.
Furguson*, 50 Mo. 470. The errors complained of
appear on the face of the record. The recognizance

conditioned: (1) To answer a matter not made an offence by law; (2) to answer an indictment when none exists could not be made the foundation of a valid judgment. *Bateson v. Clark*, 37 Mo. 31; *Petz v. Eichele*, 62 Mo. 171; *Pendergast v. Hodge*, 21 Mo. App. 138.

J. F. GREEN, for the respondent: The fact that the recognizance taken by the sheriff recites that Leffler was charged by indictment instead of information, is merely a clerical error and does not render the recognizance invalid. *State v. Millsap*, 69 Mo. 389; *State v. McElhenney*, 20 Mo. App. 584, 587; *Snowder v. State*, 8 Mo. 483; Rev. Stat., 1879, sec. 1821; *State v. Potts*, 60 Mo. 368. Nor is it a valid objection to the recognizance that the offense charged against Leffler was inaccurately stated therein. *State v. Heed*, 62 Mo. 559; *State v. Randolph*, 22 Mo. 474; *State v. Rogers*, 36 Mo. 138. Where the whole record fails to disclose any informality substantially affecting the rights of the parties, the judgment of forfeiture should be made final. *State v. Heed*, 62 Mo. 559.

THOMPSON, J., delivered the opinion of the court.

The prosecuting attorney for Jefferson county filed an information in three counts against Jack Leffler and two others; a *capias* was issued and delivered to the sheriff, who executed it by arresting Leffler and taking a bond for his appearance, which he returned into court. Leffler did not appear at the next term of the court according to the condition of the bond, and it was accordingly forfeited and a *scire facias* issued, returnable at the next succeeding term. The surety in the bond appeared in response to the *scire facias* and demurred thereto upon two grounds, and also filed a plea of *nul tiel record*. Both the demurrer and the plea were overruled, and judgment was rendered making the forfeiture absolute, from which the surety prosecutes this appeal. The bond described the offense which Leffler was to answer as "riotously disturbing the

peace." It is argued that it is void because there is no such offense known to the law. We see no force in this argument. It is not necessary that such a bond should set out the offense with the particularity of an indictment. It is sufficient if the short description of the offense contained therein ·identifies it so as to connect it with the indictment or information in pursuance of which the *capias* has issued and the defendant has been arrested. For this purpose the description in this bond was sufficient. One of the counts in the information charged that Leffler and two others did "unlawfully, riotously, and routously, and in a violent, unlawful, and tumultuous manner, make a great noise and tumult, by firing off pistols and guns, to the terror and disturbance of the peaceful citizens of the county aforesaid," etc. Another count charges that they "did then and there unlawfully and wilfully disturb the peace of divers persons, citizens of said county, then and there being, by then and there cursing and swearing," etc. The short description of these offenses in the bond, which characterized them as "riotously disturbing the peace," answered the purpose of showing the charge pending in court which the defendant and his surety had undertaken that he should appear and answer. This was the purpose of the bond, and this was enough. It was not necessary that the information should have charged an offense under the law. If it had been fatally defective this would make no difference, as the condition of the bond not only required the accused to appear and answer an indictment for this offense, but also not to depart the court without leave. *State v. Poston*, 63 Mo. 522.

The next objection is, that the bond was void because the prosecution was by an information and the bond recited that Leffler was to appear and answer an *indictment* preferred against him, etc. This misdescription was, in our opinion, unsubstantial. The question is to be determined by the whole record. *State v. Potts*, 60 Mo. 368 ; *State v. Furguson*, 50 Mo. 470. The court, with all its records before it, has found

and recited in its judgment that there was no indictment for any offense pending against Leffler, and that the word indictment in the bond referred to the information which was pending against him. This finding and recital were unnecessary, because it is sufficiently obvious from the whole record that the obligors in the bond intended, in using the word "indictment," to refer to the information which had been filed. If neither an indictment nor an information had been pending, there is judicial authority for holding that the bond would nevertheless have been good ; since the use in the bond of the words, "And not to depart said court without leave thereof," is unnecessary in respect of a pending charge which is the basis of the bond, but its use is to detain the party on any other charge that may be preferred against him. *People v. Stager,* 10 Wend. 431 ; *State v. Poston,* 63 Mo. 522.

All the judges concurring, the judgment is affirmed.