THE STATE v. MORGAN *et al.*; FURBER and VETTE, *Appellants*.

|124  467|
|141  487|
|124    467|
|170  1  65|

### Division Two, November 5, 1894.

1. **Criminal Practice**: INDICTMENT: RECOGNIZANCE: SCIRE FACIAS. The validity of an indictment can not be assailed in a *scire facias* proceeding on a recognizance where such indictment was sustained by the supreme court on appeal in the principal case.

2. ———: ———: ———. The fact that indictments similar to the one returned against defendant were subsequently held bad by the supreme court, and that the case in which the indictment against defendant was held good was overruled, is no excuse for his failure to appear according to the conditions of the recognizance.

3. ———: ———: ———: SCIRE FACIAS: DEMURRER: WAIVER. In a proceeding by *scire facias* on a recognizance, an answer over after the overruling of the demurrer waives the demurrer.

The State v. Morgan.

4. ——: ——: ——: ——: LIABILITY OF BONDSMEN. Liability of bondsmen for failure of their principal to appear in the supreme court where the appeal was not determined at the term named in the recognizance and where forfeiture for nonappearance was not declared until a later term at which the appeal was determined, considered and *held* that the bondsmen were liable.

*Appeal from Macon Circuit Court.*—HON. ANDREW ELLISON, Judge.

AFFIRMED.

*Robert W. Goode* for appellants.

(1) The indictment in the case is invalid and was so declared by the supreme court prior to December 20, 1893, wherefore, there was no authority in the Macon county circuit court to order the recognizance forfeited or to enforce a forfeiture thereof by *scire facias*, and the demurrer should have been sustained. *State v. Terry*, 117 Mo. 377; *State v. Cameron*, 117 Mo. 371. (2) The defendant fully complied with all the conditions of said recognizance, and the forfeiture thereof was taken for failure to do something neither he nor his securities ever bound themselves he would do. *Nofsinger v. Hartnett*, 84 Mo. 549; *State v. Mackey*, 55 Mo. 51; *Kiser v. State*, 13 Ind. 80; *Keefhaver v. Com.*, 2 Pa. 240; *Swank v. State*, 3 Ohio St. 429; *Townsend v. People*, 14 Mich. 391; *Colquit v. Smith*, 65 Ga. 341.

*Dysart & Mitchell* and *W. H. Sears* for respondent.

(1) The indictment in this case was decided good. But even if it was fatally defective that would not justify the principal in making default of his bond. *State v. Morgan*, 112 Mo. 202; *State v. Livingston*, 117 Mo. 627; 1 Bishop's Criminal Procedure [3 Ed.], sec. 264 K; *State v. Poston*, 63 Mo. 521; *State v. Millsaps*, 69

Mo. 359; *State v. Stout*, 6 Halst. 124. (2) Where the appellant does not set out in his abstract all the evidence in the trial below, this court will not interfere with the finding of issues of fact. *State v. Rogers*, 36 Mo. 138; *State v. Millsaps*, 69 Mo. 359. (3) When a recognizance enumerates several things to be done, it may be forfeited if any one of them is left undone. The recognizance here enumerates four things to be done. Not one of them was performed. R. S. 1889, sec. 4284; 1 Bishop's Criminal Procedure [3 Ed.], sec. 264 J; *State v. Heed*, 62 Mo. 559; *Walker v. Commonwealth*, 79 Ky. 292; *State v. Whitson*, 8 Black. 178; *State v. Stout*, 6 Halst. 124; *Dennard v. State*, 2 Ga. 137; *Gallagher v. People*, 91 Ill. 590; *Commonwealth v. Teevens*, 143 Mass. 210; *State v. Baldwin*, 78 Iowa, 737; *State v. Brown*, 16 Iowa, 314; *State v. Ryan*, 23 Iowa, 406; *Gentry v. State*, 22 Ark. 544; *Moore v. State*, 28 Ark. 480. (4) The presence of the principal is required in each of the four things enumerated and his absence may be proven. R. S. 1889, sec. 4284; *State v. Heed*, 62 Mo. 559; *Barkley v. State*, 15 Kan. 99; *Smith v. Collins*, 42 Kan. 259; *Archer v. Commonwealth*, 10 Grat. 627; *Leeper v. Commonwealth*, Litt. Select Cases, 102; *Dennard v. State*, 2 Ga. 137. (5) "Next term" means the term at which cause could be reached and determined. *People v. O'Brien*, 41 Ill. 303; *Petty v. People*, 118 Ill. 148; *People v. Ogden*, 10 Ill. App. 226.

BURGESS, J.—At the September term, 1890, of the circuit court of Macon county, Missouri, the defendant, Morgan, alias Atkins, was convicted, under an indictment drawn under section 3826, Revised Statutes of 1889, of the crime of attempting to obtain $1,500 from one Hiram Bargar by fraudulent pretenses. His punishment was fixed at two years' imprisonment in the

penitentiary. From the judgment he appealed to this court, and on the twenty-ninth day of the same month he entered into a recognizance in said circuit court, payable to the state in the penal sum of $3,000, with his codefendants, Furber and Vette, appellants herein, as his securities for his appearance in this court at the April term, 1891. Said recognizance is conditioned as follows:

"That if the said defendant, W. A. Atkins, shall appear in the supreme court, at the April term, 1891, thereof, to receive judgment in the appeal, and in this court, if the supreme court shall so order, and at such time and place as such court shall direct, and that he will render himself in execution and obey every order and judgment which shall be made in the premises, then this obligation to be void, otherwise to be and remain in full force and effect."

On December 13, 1892, the recognizance was declared forfeited by this court, because of the failure of said Morgan, alias Atkins, to appear according to the conditions thereof, and the forfeiture ordered certified to the circuit court of said Macon county. On March 15, 1893, there was duly issued by the clerk of the circuit court, aforesaid, a writ of *scire facias*, directed to said Morgan, alias Atkins, Vette and Furber, commanding them to appear on the first day of the next term thereafter of the Macon circuit court, to be held at the courthouse, in the county of Macon, on the third Monday in April, 1893, and show cause why said judgment of forfeiture should not be made absolute. At the return term of said *scire facias* the defendants, Furber and Vette, appeared by their attorneys and demurred thereto, which being overruled, they filed their answer, which, leaving out the formal parts, is as follows:

"*First*. Said John H. Vette and Arthur E. Furber, each, deny the existence of any such record as alleged in said *scire facias* herein issued, and for cause why said judgment of forfeiture should not be made absolute, and execution should not issue thereon against them, aver that said recognizance alleged to have been entered into on September 29, 1890, by W. A. Atkins, as principal, and said Vette and Furber, as securities, is null and void and of no legal force or effect, for the reason that it was conditioned that said defendant, W. A. Atkins, should appear at the April term, 1891, of the supreme court to receive judgment on the appeal in said cause, when, at the time said recognizance was alleged to have been taken by said circuit court, it was known to said court and the officers of the state of Missouri, representing said state in the premises, that there would not be, and could not be, under the existing conditions, any judgment of the supreme court on said appeal at said April term, 1891, thereof, and, therefore, said condition was meaningless and imposed no obligation on said Atkins to perform an impossibility, and these securities can not lawfully be required to answer for a default not contemplated in said recognizance.

"And for further cause why the judgment of forfeiture should not be absolute and execution should not issue thereon in favor of the state of Missouri against these securities, they aver that, as appears from the recitals of said *scire facias*, said supreme court did not attempt to consider said appeal and did not render any judgment of forfeiture on said recognizance until the October term, 1892, to wit:   On the thirteenth day of December, 1892, at which time said Atkins was not legally required by the conditions of said recognizance to appear in said supreme court.

"And for further cause why said judgment of forfeiture should not be made absolute and execution should not be issued thereon, as aforesaid, against these securities, they aver the facts to be that said defendant, W. A. Atkins, in due and proper compliance with the conditions of said recognizance, did appear in the said supreme court, at the April term, 1891, thereof, as by said recognizance required, then and there ready and willing to receive judgment on said appeal, and remained in said court during all of said April term, 1891, for the said purpose, but that the supreme court rendered no judgment on said appeal at said April term, 1891, and said term was adjourned without any order or judgment of said supreme court in the premises, wherefore said Atkins fully and legally complied with aforesaid and only legal condition of said recognizance.

"And for a further cause why judgment of forfeiture should not be made absolute and execution should not issue thereon as aforesaid against these securities, they say that the said judgment of forfeiture was illegally and improperly ordered by said supreme court, which did not have legal jurisdiction in the premises, but they charge that judgment of forfeiture upon said recognizance should have been taken, if any was legally permissible, in the said circuit court of Macon county, where said recognizance is alleged to be and remain of record.

"And for another cause why said judgment of forfeiture should not be made absolute and execution should not issue thereon, as aforesaid, against these securities, they plead that said recognizance is null and void, because of the fact that it is so uncertain in terms and indefinite as to time, that it does not appear therein or therefrom why said alleged recognizance was taken, for what offense defendant was required to

answer, or what legal right the court had to exact, or by what legal process defendant was compelled to enter into said alleged recognizance, and whether or not the said court had jurisdiction in the premises.

"And, for another and further cause why said judgment of forfeiture should not be made absolute and execution should not issue thereon, as aforesaid, against these securities, they solemnly aver that said defendant, W. A. Atkins, has in all respects complied with the conditions of said recognizance as thereby required, in this that he was present and ready to abide the judgment of the said supreme court on said appeal at the April term, 1891, thereof, and no judgment was rendered by said court at said term on said appeal; and, moreover, said supreme court made no order in the premises at said term of said court, but adjourned without taking any cognizance of said appeal in any way, thereby by the conditions of said alleged recognizance it has been fully and legally satisfied, and these securities are in law, and should be in fact, discharged therefrom; and they further state that, under the law in such cases made and provided, the supreme court has no jurisdiction to order a forfeiture of said recognizance, and the circuit court of Macon county has no jurisdiction to grant a *scire facias* upon a forfeiture entered by the supreme court and consequently to issue an execution thereon.

"Wherefore, having fully complied with the order in the premises, and having shown such good, sufficient and legal reasons why said forfeiture should not be made absolute and execution should not issue against them according to the force, form and effect of said recognizance, they pray this honorable court to adjudge said alleged recognizance fully satisfied and said forfeiture improperly and illegally taken and of

no force or effect, and that execution be forever stayed thereon and they hence dismissed with their costs."

To the answer the state made reply denying all allegations contained therein.

Upon a trial had, judgment was rendered against Vette and Furber for the amount of the recognizance, from which said judgment, after having filed the usual motions for a new trial and in arrest, and the same being overruled, they appealed to this court.

Defendant's first insistence is that the indictment against Morgan, alias Atkins, was invalid and for that reason there was no authority in the circuit court of Macon county to order the recognizance forfeited or to enforce a forfeiture thereof by *scire facias*. This contention is not borne out by the facts in the case. Upon the contrary the indictment was held good by this court in *State v. Morgan*, 112 Mo. 202.

It matters not that similar indictments drawn under the same section may have since been held bad, and that case overruled, that afforded no legal excuse for the failure of the defendant to appear in the supreme court according to the condition of his recognizance.

Nor do we think the validity or invalidity of the indictment in the principal case, can be inquired into in this proceeding. The purpose of the recognizance was to secure the appearance of the principal therein named according to its terms and conditions which in no way depended upon the validity of the indictment under which he had been convicted, conceding as contended for by the counsel for defendants that the demurrer filed by them to the *scire facias* went to the whole record. An examination of the authorities cited by him in his brief (*State v. Randolph*, 22 Mo. 474; *State v. Potts*, 60 Mo. 368; *State v. Poston*, 63 Mo. 521; *State v. Rogers*, 36 Mo. 138; *State v. Furguson*,

50 Mo. 470; *State v. Heed*, 62 Mo. 559) will show that not one of them goes so far as to hold that the sufficiency of an indictment can be inquired into in a proceeding on a *scire facias*, after it has been passed upon and held to be sufficient by a court of last resort.

Moreover, after the demurrer to the *scire facias* was overruled defendants answered over and while the proceeding on a *scire facias* in a case of this kind is a mere continuance of an existing proceeding to enforce the collection of a debt confessed, it partakes largely of the nature of a civil proceeding under our code, and should be governed by the same rules of proceeding, and as defendants answered to the *scire facias* after their demurrer was overruled they should be held to have waived the demurrer.

It is next insisted that Morgan complied with all the conditions of the recognizance and that the forfeiture thereof was taken for failure to do something neither he nor his securities bound themselves that he would do; and that his recognizance was for his appearance at the April term, 1891, of the supreme court and as the records of that court do not show a forfeiture entered at that term that no forfeiture could be taken afterwards and that, therefore, defendants were released from any liability upon the recognizance. This position is not without authority to support it.

Thus in *Kiser v. State*, 13 Ind. 80, it was held under a statute like the Missouri statute that there being no entry on the minutes of the court of the defendant's failure to appear at the term at which he was recognized to appear, that the recognizance was inoperative and the bail discharged. See, also, *Keefhaver v. Commonwealth*, 2 Pen. & W. 240; *Swank v. State*, 3 Ohio St. 429. In *Townsend v. People*, 14 Mich. 391, relied upon by defendants, the record showed that the defendant was in court during the

entire term at which he was recognized to appear ready for trial. So, also, was the defendant in *Colquitt v. Smith*, 65 Ga. 341.

In *State v. Mackey*, 55 Mo. 51, it was alleged in the answer to the *scire facias* that the defendant appeared at the court, as required by the conditions of his recognizance, and remained in attendance on said court until its adjournment, that the cause was continued by the state and that no forfeiture of the recognizance was taken at that time. There was no reply made to the answer, and it was held that as no forfeiture of the recognizance was taken at the time to which the prisoner was recognized to appear, it could not be taken at a subsequent term because of the failure of the prisoner to present himself and that the sureties were discharged. But in the case in hand the record shows that the recognizance was forfeited at the October term of this court, 1892, the same term at which the *judgment* against Morgan, alias Atkins, was affirmed and the forfeiture then certified to the Macon circuit court.

The evidence also shows that he was not present in the supreme court at its April term, 1891, and is, therefore, unlike the *Mackey case* in which the answer of the defendants alleging the presence of the defendant during the entire term during which he was recognized to appear stood admitted. The recognizance is in exact conformity with section 4284, Revised Statutes, 1889. The condition of Morgan's recognizance not only required his appearance at the supreme court at its April term, 1891, but there to receive judgment on the appeal, that he appear in the circuit court of Macon county, Missouri, if the supreme court should so order, and at such time and place as such court shall direct, and that he will render himself in execution, and obey every order and judgment which shall be made in the premises, no one of which conditions, so far as the

evidence shows, was complied with by him, and for the breach of either one the state was entitled to judgment against his securities.

The securities should not be absolved from liability upon the mere fact alone that no forfeiture of recognizance was taken at the term at which he was recognized to appear, and not unless the record shows that he had complied with all the conditions of his recognizance, and this it does not do. It has never been the practice in this court, so far as we are advised, to take or ask for forfeiture of recognizance in a criminal case until such case has been finally disposed of; nor has it been thought necessary, in order to prevent such forfeiture, that defendants in such cases should be present until the term at which final judgment is rendered. In *State v. Heed*, 62 Mo. 559, which was a proceeding similar to this, the record did not show that the defendant failed to appear in the supreme court, nor that the supreme court ordered him or made any order that he appear in the circuit court, or that the supreme court entered any forfeiture of the recognizance or certified the same to the circuit court, and it was held that such facts were no defense to a proceeding by a *scire facias* on his recognizance; that he was not thereby discharged, and as the record recited that he failed to appear according to the conditions of his recognizance, that such failure was a breach thereof for which the defendants therein were liable.

In each one of the cases relied upon by the defendants upon the question now under consideration the recognizance was for the defendant's appearance in a trial court at a specified term to answer to an indictment then pending against him, while the evidence showed that he did not appear in compliance with his recognizance and that the case was continued without any forfeiture being taken at that time.

In the case at bar one of the conditions of the recognizance was for defendant's appearance at the April term, 1891, of the supreme court, to receive judgment on the appeal which, in so far as the record discloses, he failed to do, and thereby committed a breach of his bond. *State v. Whitson*, 8 Blackford, 178; *Dennard v. State*, 2 Kelly (Ga.), 137; 1 Bishop's Criminal Procedure [3 Ed.], sec. 264. It is not claimed that he was present at the term of the supreme court at which the case was finally disposed of, nor at the Macon court, when the case was subsequently called for trial, when it was his duty under his bond to be there. The case was never continued by the supreme court, and even if the defendant had been present at the April term, 1891, and had remained during the entire term he would not have been released by reason thereof from his recognizance, and especially if the record did not show that his presence was called to the attention of the court, or the representative of the state.

But if there were any doubt in regard to the views herein expressed, there can not be when section 4380, Revised Statutes, 1889, is taken into consideration, which provides that "no proceeding upon a recognizance shall be defeated, nor shall judgment thereon be prevented or arrested, on account of any defect of form, omission of recital, condition of undertaking therein, neglect of the justice or clerk to note or record the default of any principal or surety at the time or term when such default shall happen, or of any other irregularity, so that it be made to appear from the whole record or proceeding that the defendant was legally in custody, charged with a criminal offense, that he was discharged therefrom by reason of the giving of the recognizance, and that it can be ascertained from the recognizance that the sureties under-

took that the defendant should appear before a court or magistrate at a term or time specified for trial."

This statute was first enacted in 1879, and was, therefore, not in force at the time the case of *State v. Mackey*, *supra*, was decided, and was evidently enacted to change the law. as therein announced that cognizors might not escape liability upon mere technicalities, which in no way could possibly injuriously affect their rights. · The judgment is affirmed. All of this division concur.