THE STATE v. ABEL et al., Appellants.

Division Two, October 27, 1902.

1. **Recognizance:** BEFORE THE JUDGE OR IN OPEN COURT: RECITAL IN SCIRE FACIAS WRIT. A recital by the clerk in the scire facias writ, ordered to issue against the principal and sureties in a recognizance, that the said recognizance now remains "of record" instead of "on file," is no part of the recognizance, and does not change the recognizance from one taken before the judge to one taken in open court. Such voluntary statement by the clerk does not affect a previous recital by him in conformity with the fact that the recognizance was taken before the judge. The useful recital is not vitiated by a useless one.

2. ———: APPEARANCE AT MOTION FOR NEW TRIAL. It is within the power of the court to require 'the defendant to be present at the hearing of the motion for a new trial, and to make his failure to so appear a condition upon which his recognizance may be forfeited.

3. ———: SCIRE FACIAS: NON EST AS TO PRINCIPAL. The court on a non est return as to the principal and of a proper service of the scire facias writ upon the two sureties, and their appearance, proceeded to judgment against the sureties after their answer, without directing an alias writ as to the principal and the return of non est thereon, and without expressly dismissing the writ as to him. *Held*, that the action of the court must be considered as in effect a dismissal of the proceeding as to the principal, *and* the omission to order a formal dismissal as to him was at most

an irregularity which in no way affected the substantial rights of his sureties, and, hence, the Supreme Court is prohibited from reversing the case by section 2800, Revised Statutes 1899.

Appeal from St. Louis City Circuit Court.—*Hon. H. D. Wood*, Judge.

AFFIRMED.

*David Murphy* for appellants.

(1) This proceeding by scire facias is intended and purports to be one to enforce a recognizance entered into in open court, "as appears by the record." Section 4143, Revised Statutes 1899, provides "that the same shall be proceeded upon to final judgment." This is the prescribed rule. Any want of adherence to a prescribed rule in rendition of a judgment, is irregular, and same can be set aside within three years by motion. Sec. 795, R. S. 1899; Downing v. Still, 43 Mo. 309; Branstetter v. Rives, 34 Mo. 321. In the case at bar there is no final judgment, because there is no disposition of the case as to defendant Abel. Downing v. Still, supra; McCord v. McCord, 77 Mo. 166; State v. Watson, 95 Mo. 414; State v. Mullix, 53 Mo. 355; State v. Gregory, 38 Mo. 501. (2) Another step in the proceedings adding to the irregularity is the action of the court in declaring a forfeiture because of the absence of defendant Abel at the hearing of a motion for a new trial in the original case. He was not required to be present. The case was not for trial, nor for judgment, nor could his presence for that purpose be lawfully required. Sec. 2554, R. S. 1899; Alexander v. Hayden, 2 Mo. 187; Showles v. Freeman, 81 Mo. 540; State v. Schierholtz, 103 Mo. 47; State v. Taylor, 136 Mo. 465; State v. Austin 141 Mo. 481. (3) An examination of the record shows that the recognizance charged in the writ of scire facias to have been entered into was a recognizance of record. That there was a record of such a proceeding in open court is apparent. True, it fails to show any liability as to defendants Cronin and Mur-

phy, and this deficiency can not be supplied by parol or matters *dehors* the record. State v. Randolph, 22 Mo. 474; State v. Zwifle, 22 Mo. 467; State v. Dougherty, 106 Mo. 182; State v. Richardson, 117 Mo. 586; sec. 2739, R. S. 1899.

*Edward C. Crow,* Attorney-General and *Jerry M. Jeffries* for the State.

(1) It is the law of this State, and has been so expressly held, that a proceeding against two or more reduced to a judgment may be null and void as to one, though good as to all the others. State ex rel. v. Tate, 109 Mo. 265. (2) The statute requires that the bond shall be entered of record only when taken in open court; and when not taken in open court it provides that the recognizance shall be in writing. The recognizance given by Abel complies with that part of this section which requires the same to be in writing. Since the bond itself shows that it was taken by the judge, and not in court, and since he had a right to take such bond provided it be in writing, it would seem that under such plain and express provisions of the statute no errors appear. State v. Zwifle, 22 Mo. 467; State v. Randolph, 22 Mo. 474. The signatures to the bond are sufficient and it is properly taken. State v. Wilcox, 59 Mo. 176; State v. Stone, 106 Mo. 1; State v. Caldwell, 124 Mo. 509. The judge of a court under whose process the accused is in custody has the power and right to act in the matter of bail at any time before sentence is passed, and then until time for appeal is past, or, if appeal is taken, until hearing in the appellate court, nor do his acts have to be made matters of record unless he acts while moving in court. State ex rel. v. Field, 112 Mo. 554; State v. Watson, 54 Mo. App. 416; State v. Heed, 62 Mo. 559. (3) The motion for a new trial could be heard in defendant's absence, but under the recognizance which he had entered his bond was forfeited by his failure to be present. The court was not confined to making an order or passing upon the motion.

State v. Morgan, 124 Mo. 467; State v. Whitecotton, 63 Mo. App. 8.

GANTT, J.—This is a proceeding by scire facias to enforce a recognizance entered into on January 8, 1900, by Charles Abel as principal, and James H. Cronin and David Murphy as sureties, in the penal sum of two thousand five hundred dollars, upon condition that if said Charles Abel should personally appear before the circuit court of the city of St. Louis, division No. 8, from day to day during the then pending term of said court and on the first day of any future term thereof to which said cause might be continued, then and there to answer to a motion for a new trial and motion in arrest of judgment, *or any order* which might be made by the court against said Charles Abel for the offense of grand larceny, and not depart the court without leave thereof, said recognizance should be void; otherwise to remain in full force and effect. This recognizance was taken and certified on said 8th day of January, 1900, by Judge Selden P. Spencer, judge of said court, and filed on the same day with the clerk of said court.

The record discloses that Abel had been indicted by the grand jury of said city for grand larceny and had been tried and found guilty and upon the rendition of the verdict filed his motion for a new trial and the hearing of said motion was continued by the court to February 3, 1900, and thereupon he entered into the written recognizance above recited, with James H. Cronin and David Murphy as his sureties, before Judge Spencer, and the same was filed in the clerk's office and marked filed by the clerk. On February 3, 1900, the said motion for new trial coming on for hearing, the defendant Abel was called and came not. Thereupon, at the request of his attorney, the said motion was continued to February 17, 1900, at which time defendant Abel was ordered to appear. On Saturday, February 17, 1900, the motion was again called for hearing and the said defendant was called, but came not, when again, at the re-

quest of his attorney, the motion was passed until March 3, 1900. On March 3, 1900, the said motion for a new trial again coming on for argument, the defendant Abel was again called but came not, and thereupon his said sureties, Cronin and Murphy, were three times solemnly called to bring into court the body of said defendant Abel and save their recognizance, but came not and made default and thereupon said recognizance was adjudged forfeited and a writ of scire facias was ordered issued against said Abel, and said sureties and a capias directed against said Abel, and the said motion for a new trial was ordered overruled.

The sheriff made return on the scire facias that he served the same on James H. Cronin in the city of St. Louis on May 16, 1900, by reading the same to him, and after diligent search the said Charles Abel could not be found in said city. That he served the same on David Murphy by reading the same to him on May 21, 1900, in said city, and after further diligent search could not find said defendant Abel in said city. At the June term, 1900, said Cronin and Murphy appeared and filed their joint and several answer to the said scire facias, in which they denied that they or either of them acknowledged themselves indebted to owe the State of Missouri the said sum of $2,500 upon any condition whatever. They denied there was any record of said supposed recognizance in the said writ of scire facias mentioned, remaining or being in the said circuit court, in manner and form as required by the laws of this State. Denied that any forfeiture of said supposed or any real recognizance was ordered by said court. For further answer they say that on February 3, 1900, there had been a verdict of guilty against said Abel and his motion for new trial was pending, and upon the decision of the court on that motion the further right of defendant Abel to move in arrest of judgment remained, and there could be no requirement of said defendant's presence for trial or sentence, and his presence in court to hear said motion for new trial and in arrest could not lawfully be required, wherefore they

prayed that said writ should be quashed. This answer
the circuit court adjudged insufficient and judgment was
on June 16, 1900, rendered against said sureties for the
amount of said recognizance and execution ordered.
On October 16, 1900, said defendants Cronin and Mur-
phy filed their motion to set aside said judgment on the
grounds, first, that the judgment was irregular and in-
valid in not disposing of the issues in scire facias pro-
ceeding as to all parties to the record; second, that the
judgment was bottomed on matters *dehors* the record;
third, that defendants Cronin and Murphy at no time
entered into the recognizance for any sum or amount.
The foregoing facts furnish the basis upon which this
appeal by the said sureties must be decided.

I. The first and principal insistence of the de-
fendants, Cronin and Murphy, is that the judgment
against them must be set aside because the scire facias,
as they allege, purports on its face to have been taken
and entered in open court and was required to be
spread on the record. Whereas the recognizance upon
which the court rendered judgment was taken before
the judge of the court pursuant to section 2543, Revised
Statutes 1899, which provides that "when the defend-
ant is in custody or under arrest for a bailable offense,
the judge of the court in which the indictment or infor-
mation is pending may let him to bail and take his bond
or recognizance."

Section 2549 requires that "every recognizance
taken by any sheriff or other officer must be certified
and returned by him forthwith to the clerk of the court
to which the defendant is recognized, and by such clerk
carefully filed and preserved for the action of the court
thereon." It is true this recognizance was not taken
in open court, *neither does the scire facias so recite.*
On the contrary the writ states the fact that: "On the
8th of January, 1900, before the Honorable Selden P.
Spencer, judge of the circuit court of the city of St.
Louis, division No. 8, Chas. Abel, David Murphy and
James H. Cronin in their proper persons personally
came and acknowledged themselves, jointly and sev-

erally, to owe the State of Missouri two thousand five hundred dollars,'' etc., and this recognizance so taken was filed with Archibald Carr, clerk of said court, on the same day. This whole contention grows out of a recital in parenthesis—wherein the clerk after stating the condition of the bond that if said Abel should not depart the court without leave thereof, then the recognizance to be void, else to remain in full force and effect, inserts in parenthesis the words, '' (as by the said recognizance now remaining of record in our said court manifestly appears).''

This last recital is no part of the recognizance, but it would have been absolutely true had the clerk recited that it remained on file instead of ''of record.''

But it is too plain for argument that this parenthetical obiter of the clerk in nowise affected the recital of the recognizance which he had already stated was taken before the judge and which had precisely the same binding effect in law as if it had been taken in open court and spread on the minutes of the clerk. *"Utile per inutile non vitiatur."* [Martin v. Railroad, 37 W. Va. 349.] It follows that the court committed no error in holding this part of the answer an insufficient defense. [State v. Heed, 62 Mo. 559; State v. Morgan, 124 Mo. 475; State v. Hoeffner, 124 Mo. 490.]

II. Again, it was specially pleaded that the circuit court by the terms of the recognizance could not require the presence of defendant at the hearing of the motion for a new trial.

The bond in terms required him to answer for ''the motion for new trial'' or ''any order which may be made by the court.'' There can be no sort of doubt that it was within the power, and, we may add, the plain duty, of the court to require the defendant's presence at the hearing of the motion. This court has ruled that it was the defendant's privilege to be present at such hearing and certainly the court could require him to be. This part of the answer was likewise properly adjudged insufficient.

. Vol 170 mo—5

III.  But notwithstanding the recognizance was lawfully entered into by these sureties and the defendant Abel absconded and thereby the condition was broken, and notwithstanding the scire facias was in due form and correctly recited the recognizance and the breach, these sureties urge that because the court neither dismissed the proceeding against said Abel, nor delayed the proceeding to bring him into court, but rendered judgment against the sureties only, the judgment is so irregular that it must be set aside for that cause, if for no other.

Regularly the court upon the return of "Non Est" on the scire facias as to defendant Abel, should have directed an alias writ and if it had also been returned "Non Est," it would have been a sufficient service upon said defendant to have warranted a judgment against him.  [Sec. 2556, R. S. 1899.]  But this was not done and the record does not show an express dismissal of the writ as to him, but it will be observed that in fact the circuit court rendered no judgment against defendant Abel, nor could it have rightfully done so, as he had not been served with process.  What effect then is to be attributed to its action in the premises?

It was entirely competent under the circumstances to have dismissed the proceeding as to Abel, and proceed to judgment against the other two who had been served and filed their answer, and though this was not expressly done such was the effect of the court's action in the premises.  This motion is not made by Abel, nor indeed could it be, as no judgment was rendered against him, and the proceedings are altogether regular as to the two defendants against whom the judgment was rendered.

The case is on all-fours with that of State v. Potts et al., 60 Mo. 368, and this court in that case affirmed the judgment against the sureties.  [See, also, State v. Woerner, 33 Mo. loc. cit. 219.]

The recognizance was the joint and several obligation of Abel and his sureties, and the State could have proceeded against them all or against either or

any two of them. A reversal of this judgment for the mere failure to note a dismissal as to defendant Abel would result only in delay and bring no relief to these defendants, and would be a disregard of the command of section 2800, Revised Statutes 1899, which forbids that the proceeding on this recognizance shall be defeated or the judgment prevented or arrested on account of any defect of form, omission of recital, or *any other irregularity,* so long as it is made to appear from the whole record or proceeding that the defendant was legally in custody, charged with a criminal offense, that he was discharged by reason of the giving of the recognizance, and that it can be ascertained from the recognizance that the sureties undertook that the defendant should appear before a court or magistrate at a term or *time specified for trial.*

At most this omission to order a formal dismissal as to defendant Abel was an irregularity which in no way affected the substantial rights of these defendants (Hardin v. McCanse, 53 Mo. 255), and the judgment of the circuit court is accordingly affirmed.

*Sherwood, P. J.,* and *Burgess, J.,* concur.