THE STATE v. EYERMANN, Appellant.

Division Two, February 24, 1903.

1. **Bail:** PRESUMPTION OF REGULARITY. The presumption is that a recognizance for appearance before a judge of a court of general jurisdiction is valid, and that all the steps leading up to the taking of the bond were regular, unless the lack of authority of the judge to take it appears from the record.

State v. Eyermann.

2. ———: ———: INCREASING BOND: ARREST: APPEARANCE. A court of general jurisdiction has the power, at any time during the term at which one indicted for felony is let to bail, to alter, amend, cancel or set aside any order made with respect thereto, notwithstanding such principal may have previously complied with such bond. And if such principal comes into court in his own proper person, after he has given a bond in an amount fixed by the court, and the court orders that the penalty of such bond be raised to four times its original amount, and the principal complies with such order, it will be presumed, in the absence of anything to the contrary in the record, that he voluntarily appeared, and waived the matter of arrest, and in a suit by the State on such enlarged bond his surety will not be permitted to say he did not do so.

3. ———: NEW BOND: COURT'S POWER. If the court for any good and sufficient reason is of the opinion that a bond theretofore filed by a defendant indicted for a bailable offense, is insufficient, it has the power to order him to give a new bond, and if upon notice thereof he fails to comply with the order, the court has authority to order him into custody for failure to do so; and when the last bond is filed, neither he nor his surety is longer liable on the other.

4. ———: TAKEN AFTER ADJOURNMENT. A bond taken by the judge of the court in which the case is pending after its adjournment for the day, has the same binding effect as if it had been taken in open court and spread upon the minutes of the clerk.

5. ———: FORFEITURE: SPECIFYING. Where a defendant, in obedience to an order of court, files a new bond, the one theretofore given is abrogated, and if thereafter the court declares a forfeiture for defendant's failure to appear, the forfeiture is not void because it does not state which bond was forfeited. Such order can only apply to the existing bond; especially is this true if the scire facias is issued on that bond.

6. ———: ———: AMOUNT OF BOND. It is not necessary that the order of forfeiture specify the amount of the bond forfeited. All that is necessary for the record to show is that the bond was adjudged to be forfeited and that a writ of scire facias was ordered to be issued against the parties thereto.

7. ———: ———: DISMISSAL AS TO PRINCIPAL. It is not necessary that the record show that the court had jurisdiction over the principal before judgment of forfeiture can be entered against his sureties in a bail bond, it being a joint and several obligation. Nor is it necessary that there be a formal dismissal as to the principal, for a judgment against the surety is in effect a dismissal as to the principal.

Appeal from St. Louis City Circuit Court.—*Hon. H. D. Wood,* Judge.

AFFIRMED.

*Rassieur & Rassieur* for appellant.

(1) There is no authority in the statutes for requiring a second recognizance, except at a time named in the bond, when the defendant must appear in court, or when the defendant is surrendered by his surety. Secs. 2543-2556, R. S. 1899. (2) At the date of the forfeiture, the first bond for $5,000 was in full force, and was outstanding for the defendant's appearance. When the second bond was taken, the defendant had not been surrendered by his surety. He was not in custody, nor was he discharged upon the faith of the second bond. The first was not in any manner superseded or annulled. There can not be two valid recognizances in the same cause and for the same offense, because the statute does not authorize the exacting of the second. Therefore, the second was without consideration or lawful order to support it. Townsend v. People, 14 Mich. 388. (3) On March 1st the cause was duly continued to the April term, and bond having been theretofore given, the defendant was entitled to his liberty until that time. After the continuance was entered, the court could not require him to appear for trial until the April term, and he could not be lawfully required to give a new bond for his appearance until that time. Certainly not, in the absence of an order setting aside the order of continuance. (4) The forfeiture of "the bond" was void because it was a forfeiture of neither the first nor the second—since neither was specified. (5) The judgment *nisi* must specify the amount for which judgment was rendered, or it is void. Galindo v. State, 15 Tex. App. 319; State v. Cox, 25 Tex. 404. (6) If this forfeiture is sufficient to support a final judgment at all, then the State should have proceeded by *scire facias* upon the first bond for $5,000, since that was the valid

bond.   (7)   The judgment is void because it was prematurely entered.   Sec. 2556, R. S. 1899; Alley v. People, 6 Ill. 109; Banta v. People, 53 Ill. 434.   (8)   The second bond was void because the penalty is excessive. Art. 2, sec. 25, Const. Mo.

*Edward C. Crow*, Attorney-General, and *Sam B. Jeffries*, Assistant Attorney-General, for the State.

(1)   The judge had the right to make the order increasing the amount of the recognizance or bond to be given by Kratz at any time he saw proper, so long as the order was made within the term of the court.   The order increasing the bond was made in term time, and though the case at a few days prior thereto had been continued to the next term, the court had the right to make such orders in connection therewith as it saw proper.   This is a right incident to the common-law power of a court of record over cases pending in court. It was an order essential to the requisites of the court in the proper administration of the law.   McGuire v. Drew, 83 Cal. 225; State v. Bragg, 63 Mo. App. 22.   Defendant voluntarily appeared, as did also his principal, Kratz, and increased the bond.   This must be taken as a consent to the order.   Henry v. Hilliard, 120 N. C. 479; 15 Enc. of Pleading and Practice, p. 323.   While the record does not contain an express statement that the defendant and his principal consented to an increase in the bond, yet their actions are such as create an implied consent in law, and it is well known that an implied consent may be made to an order as well as expressly consenting to it, and when so made will be binding upon the parties in interest.   Train v. Davidson, 11 N. Y. App. Div. 627; Robery v. Title Guaranty Co., 166 Ill. 336; Jones v. Cowing, 82 N. Y. 449; Nacy v. Nelson, 62 N. Y. 638.   Kratz having been present when the order was entered, the court had jurisdiction over his person, as it had also jurisdiction as to defendant Eyermann, and the recital in the order showing personal appearance without objection as to the right of the court

to order the bond increased must be taken as a consent upon their part, not only to the jurisdiction of the court, but also as to its right to execute the order.    The jurisdicion of the cause must, of course, be conceded, and as the records of a court import absolute verity, there is no way by which statements therein contained may be disputed or assailed collaterally.    Blackburn v. Bell, 91 Ill. 434; Barnard v. Wolf, 70 Ill. 81; Flagler v. Crow, 40 Ill. 414.    (2)    The defendant contends that the judgment *nisi* must specify the amount for which the judgment was rendered, or it is void.    The judgment in this case does specify the amount to be recovered from defendant, and the amount is fixed at twenty thousand dollars, that being the sum stated in the recognizance last given.    The order requiring Kratz to execute a recognizance in the sum of twenty thousand dollars, instead of five thousand, as he had previously given, of itself sets aside the previous recognizance as soon as the subsequent one has been executed, and it became useless, so far as all practical purposes are concerned, for the court to have ordered the prior bond vacated.    (3)    The judgment is not void because it was prematurely entered.    State v. Abel, 170 Mo. 59; State v. Potts, 60 Mo. 368.

BURGESS, J.—This is a proceeding by scire facias to enforce a forfeiture of a recognizance entered into by Charles Kratz as principal and Gottlieb Eyermann, Jr., as surety, on March 20, 1902, in the sum of twenty thousand dollars, conditioned that said Kratz should be and appear before Division No. 9 of the circuit court of the city of St. Louis, from day to day during the present term, and on the first day of any future term thereof to which this cause may be continued, then and there to answer to an indictment pending against him for bribery, and not depart the court without leave.

On the first day of February, 1902, the grand jury of the city of St. Louis returned an indictment against Kratz upon the charge of bribery.    At the opening of the court on the third day of February, the cause was

assigned to Division No. 9, and on that day the defendant appeared in open court and filed his recognizance in the sum of five thousand dollars, with the defendant, Gottlieb Eyermann, Jr., as surety, to answer such indictment, the bond being conditioned as follows:

"That if the said Charles Kratz shall appear before the circuit court of the city of St. Louis, Division No. 9, from day to day during the present term, and on the first day of any future term thereof to which this cause may be continued, then and there to answer to an indictment preferred by the grand jurors of said city against said Charles Kratz for the offense of receiving a bribe, and shall not depart the said court without leave thereof, then this recognizance to be void, else to remain in full force and effect."

On the first day of March, during the same term of said court, to-wit, the February term, 1902, the cause against Kratz was continued to the April term, 1902, of said court, and by consent the case was docketed for the seventh day of April. However, on the 20th day of March, still during the February term, the court entered this order: "This day the said Charles Kratz comes into court, in his own proper person, and thereupon on recommendation of the circuit attorney, representing the State, it is ordered by the court that the bond heretofore entered into and filed in this court, for the sum of five thousand dollars by the said Charles Kratz, be raised to the sum of twenty thousand dollars. Thereupon, the said Charles Kratz enters into and files his recognizances herein in the sum of twenty thousand dollars, with Gottlieb Eyermann, Jr., as surety, to answer said indictment."

The recognizance for the twenty thousand dollars thus entered into, was conditioned as follows: "That if the said Charles Kratz shall personally appear before the circuit court of the city of St. Louis, Division No. 9, from day to day, during the present term, and on the first day of any future term thereof, to which this cause may be continued, then and there to answer to an indictment preferred by the grand jurors of the said

city against the said Charles Kratz, for the offense of bribery, and shall not depart the said court without leave thereof, then this recognizance to be void, else to remain in full force and effect.''

On the said seventh day of April, at the April term, to which said cause was continued, the defendant failed to appear, and although solemnly called, made default. The court thereupon made the following order: ''That the bond of said defendant, Charles Kratz, as well as of his surety, Gottlieb Eyermann, Jr., be and is hereby declared forfeited, and it is ordered by the court that a writ of scire facias issue against them and that a capias issue for said Charles Kratz.''

The capias above referred to was issued and re-turned by the sheriff ''not found.'' The scire facias recited the giving of the twenty-thousand-dollar bond, as heretofore mentioned, as well as the forfeiture thereof, and was made returnable on the first day of the next term, which would be the June term, 1902, of said court. This scire facias was properly served upon defendant Eyermann, but on the 17th day of April was returned ''not found'' as to Kratz.

On the return day defendant Eyermann filed his re-turn to the scire facias, which said return is in words and figures as follows:

''The State of Missouri,

vs.                                    No. 163, December term, 1901.

Charles Kratz, Defendant.

'  ''Return of Gottlieb Eyermann, surety for the above-named defendant, and for return to the order heretofore entered herein requiring him to show cause why the State of Missouri should not have execution against him of the debt in said order referred to, states:

''1. The recognizance in said order referred to was made upon the condition that if said Charles Kratz shall personally appear before this court from day to day during the then term, to-wit, the February term, 1902, and on the first day of any future term thereof to which this cause may be continued, then and there to answer to the indictment preferred against him by

the grand jurors of said city for the offense of bribery, and shall not depart the said court without leave thereof, then said recognizance to be void, and the said Eyermann states that said Kratz complied in all respects with the conditions of said recognizance; but the said cause was on the first day of March, 1902, during the said February term, 1902, continued by the court to the 7th day of April, 1902, being for a day later than the first day of the succeeding term, the April term, 1902, and therefore and thereby the said Eyermann, as such surety was released from his obligation, if any, under said recognizance, and the judgment of the court, rendered on the 7th day of April, 1902, declaring a forfeiture of said recognizance and directing scire facias to issue, is null and void.

"2. The said recognizance is null and void for the reason that it was taken and certified by O'Neill Ryan, a judge of said court after the adjournment of said court, and was never taken or approved by the court, as required by law.

"3. The said recognizance is also void for the reason that before said recognizance was taken a prior recognizance had been taken and approved by the court, for the penal sum of five thousand dollars, on the 3rd day of February, 1902, and on the 20th day of March, 1902, said former recognizance was in full force and effect, and that the recognizance of March 20, 1902, was taken without any lawful order of the court and without consideration.

"4. The said recognizance is also void for the reason that the penalty thereof, to-wit, $20,000, is excessive and contrary to the provisions of article 2, section 25, of the Constitution of Missouri, providing that excessive bail shall not be required.

"5. The recognizance is also void for the reason that the indictment preferred by the grand jurors, in said recognizances referred to, is insufficient and void, and does not state facts sufficient to constitute any criminal offense under the laws of the State of Missouri.

"6. The said Eyermann also states that final judgment should not be entered at this, the June term, 1902, of this court, for the reason that service has not been obtained upon the principal in said bond as required by law.

"In view of the premises, said Eyermann states that final judgment should not be entered against him for the penalty of said recognizance and that execution should not be issued against him, and that the judgment of forfeiture heretofore entered should be set aside, and said Eyermann prays that he may be discharged with his costs."

Defendant asked the court to declare the law to be as follows:

"The court declares the law to be that under the record, forfeiture, scire facias and return of the surety in this cause, the plaintiff is not entitled to recover against the surety, Gottlieb Eyermann, Jr."

The court refused to so declare the law, to which refusal of the court defendant Eyermann excepted at the time, and on the 17th day of July, during the same term, the court entered judgment against defendant Eyermann in the sum of twenty thousand dollars and costs. In due time defendant filed motions for new trial and in arrest, which being overruled, he appeals.

It is claimed that the recognizance is void because of the want of authority in the court for exacting a second bond, except at a time named in the bond, when the defendant is surrendered by his surety. The argument is, that sections 2543, 2556, Revised Statutes 1899, determine the duty and the power of the court in taking bail; that in bailable offenses the court must fix the amount of bail required of the defendant, and the judge shall take the recognizance, and when it shall have been done that the defendant is entitled to his liberty, upon the terms and for the period fixed in the condition of the recognizance, unless surrendered by his surety, and that then, and then only, other bail may be given or required.

Section 2543 provides that when the defendant is in custody or under arrest for a bailable offense, the judge of the court in which the indictment or informa-tion-is pending may let him to bail and take his bond or recognizance. And the question for solution is, whether the facts disclosed by the record bring the case within the provisions of the statute. The circuit court is of general jurisdiction, and the presumption.is and ought to be in favor of the regularity which led up to taking the recognizance and the validity of the in-strument unless the want of authority in the judge of the court to take it appears from the record. Does it so appear? We think not, and for these reasons:

It is indisputable that the court had the power at any time during the term at which Kratz was let to bail, to alter, amend, cancel, or set aside any order made with respect thereto, notwithstanding he may have complied with its order fixing his bond at five thousand dollars. [Rottmann v. Schmucker, 94 Mo. loc. cit. 144; Aull v. St. Louis Trust Co., 149 Mo. 1, and authorities cited; Crawford v. Railroad, 171 Mo. 68.] And when Kratz thereafter on the 20th day of March, 1902, came into court in his own proper person, in the absence of any-thing that appears from the record to the contrary, the presumption must be indulged that he did so volun-tarily, and when the court at the suggestion of the cir-cuit attorney, representing the State, ordered that his bond theretofore entered into and filed in the court for the sum of five thousand dollars, be raised to the sum of twenty thousand dollars, and he thereafter complied with the order last named by executing his recognizance in the sum of twenty thousand dollars with defendant Eyermann as his surety, it can but be held that he waived the matter of arrest, as he unquestionably had the right to do, and defendant should not now be per-mitted to say that he did not so do. It will certainly not be contended that if the court, after the original bond was taken and Kratz was released thereon, had become satisfied that it was invalid or the surety thereon ir-

responsible, it did not have the power to have him brought in and required to give a good and sufficient bond, and if it possessed such power, in regard to which there can be no difference of opinion, it must logically follow that it possessed the power to require the bond in question.

So we hold that, if the court for any good and sufficient reason was of the opinion that the five-thousand-dollar bond was insufficient, it had the power to order that Kratz give a new bond, and if upon notice thereof he failed to comply with the order of the court, to order him into custody for failure to so do (State v. Posey, 79 Ala. 45), and that in any event, when the last bond was executed it abrogated the original, and neither he nor his surety was longer liable thereon.

Defendant, however, says that the bond was taken by the judge of the court, after its adjournment for the day, and is therefore void, and relies upon the case of the State v. Caldwell, 124 Mo. 509, as sustaining that contention, but that case is clearly distinguishable from the case at bar, in this: in that case, the bond was taken by the clerk who had no authority to do so, and was therefore void, while in this case the bond was taken by the judge of the court before whom the case was pending and therefore had the same binding effect in law as if it had been taken in open court, and spread upon the minutes of the clerk.   [State v. Abel, 170 Mo. 59; State v. Woerner, 33 Mo. 219; State v. Potts, 60 Mo. 368.]

Another insistence is that the declaration of forfeiture on April 7th was void, because the order did not specify which bond was forfeited, and because the order did not determine the amount for which judgment was entered.   With respect to the first proposition, it may be sufficient to say that as we have already ruled that when the twenty-thousand-dollar bond was executed, the original bond was abrogated; there was but the one bond of any binding force or effect, and that is the bond upon which the scire facias was issued.

As to the contention that the order of forfeiture is void because it does not specify the amount of the bond forfeited, it was not necessary to do so. While it is otherwise held in Galindo v. State, 15 Tex. App. 319; State v. Cox, 25 Tex. 404, and perhaps by other courts, it is not the practice in this State. All that is necessary for the record to show in this State is that the bond was adjudged to be forfeited, and that a writ of scire facias be ordered to be issued against the parties thereto, which was done in this case. [Kelley's Criminal Law and Practice, sec. 102; State v. Austin, 141 Mo. 481.]

In Kelley's Criminal Law and Practice, section 102, it is said:

"No proceeding upon a recognizance will be defeated or judgment prevented on account of any defect in form, omission of recital, condition of undertaking therein, neglect of the justice or clerk to note or record the default at the time or term, or any other irregularity, so that it be made to appear from the whole record or proceeding that the defendant was legally in custody, charged with a criminal offense, that he was discharged therefrom by reason of giving the recognizance, and that it can be ascertained from the recognizance that the sureties undertook that defendant should appear before a court or magistrate at a term or time specified for trial."

But if there were any doubt in regard to what we have said, it must be dispelled when section 2800, Revised Statutes 1899, is taken into consideration, which provides that: "No proceeding upon a recognizance shall be defeated, nor shall judgment thereon be prevented or arrested, on account of any defect of form, omission of recital, condition of undertaking therein, neglect of the justice or clerk to note or record the default of any principal or surety at the time or term when such default shall happen, or of any other irregularity, so that it be made to appear from the whole record or proceeding that the defendant was legally in custody, charged with a criminal offense, that he was discharged

Vol 172 mo—20.

therefrom by reason of the giving of the recognizance, and that it can be ascertained from the recognizance that the sureties undertook that the defendant should appear before a court or magistrate at a term or time specified for trial.''

Nor was the judgment prematurely entered. While the record does not show that the court had jurisdiction over the principal in the bond (Kratz), nor that the proceeding was dismissed as to him, it does show that it had jurisdiction over Eyermann, Jr., and that judgment was rendered against him only, and the bond being joint and several the judgment was in effect a dismissal as to Kratz. [State v. Abel, supra.] And as was said in effect in the case last cited, ''at most the omission to order a formal dismissal'' as to Kratz ''was an irregularity which in no way affected the substantial rights of this appellant,'' and the judgment of the circuit court should be affirmed.

It is so ordered. All of this Division concur.