*In re* Petition of ANTONIO MARIANO for Writ of Habeas Corpus.

NOVEMBER 25, 1912.

PRESENT: Johnson, Parkhurst, Sweetland, and Vincent, JJ.

(1)  *Bail.*

The power of the Superior Court to require additional bail to be given is not restricted to the circumstances named in Gen. Laws, 1909, cap. 298, § 23, providing that whenever a person convicted of any crime shall file a motion for a new trial or notice of his intentions to prosecute a bill of exceptions, the Superior Court may require him to give additional bail, but the court has inherent authority to require additional bail in cases pending before it whenever in its judgment such additional bail becomes necessary to secure the presence of a respondent before it for trial or sentence, provided it be not excessive in amount.

(2)  *Bail.*

Where a respondent fails to give additional bail and is committed to jail for such failure, his obligation and that of his sureties upon the original recognizance are discharged.

HABEAS CORPUS.  Petition denied.

SWEETLAND, J.  The petitioner represents, and it is made to appear, that he is the respondent in an indictment charging him with the crime of manslaughter; that said indictment is pending in the Superior Court for the counties of Providence and Bristol; that upon a trial of said indictment in said court before a jury he was found guilty; that the period within which he may file a notice of his intention to prosecute a bill of exceptions to this court or may file his motion for a new trial in the Superior Court has not yet expired, and that he has not filed such notice or motion; that prior to said trial of said indictment he was admitted to bail by said Superior Court in the sum of two thousand and five hundred dollars and entered into a recognizance in said sum with sufficient sureties; that certain of the conditions of said recognizance were that the petitioner should appear in said Superior Court whenever said indictment should be called for trial or whenever said respondent should be required to appear for sentence; that none of the conditions of said recognizance has been broken and said recognizance has not been defaulted; that after the petitioner had been found guilty at said trial, Mr. Justice Rathbun, the justice of the Superior Court, presiding at said trial, required the petitioner to enter into a new recognizance with sufficient surety in the sum of eight thousand dollars; for failure of the petitioner to enter into such recognizance he was committed to the Providence County Jail, and is there held in the custody of the acting keeper of said jail.

The petitioner claims that his restraint in said jail is without legal cause and applies for a writ of habeas corpus.

The petitioner urges that after accepting said recognizance given prior to said trial, the Superior Court was without authority to require the respondent to enter into a further recognizance for his appearance upon said indictment, while said recognizance in the sum of two thousand and five hundred dollars remained in full force, undefaulted, with none of its conditions broken, and before the petitioner had filed a motion for a new trial or notice of his intentions to prosecute a bill of exceptions.  He calls our attention to Chap. 298,

Sec. 23, Gen. Laws, 1909, and urges that the authority to require additional bail given in said section is exclusive of any power in the court to require additional bail in other circumstances. Said section is as follows: "Whenever a person convicted of any crime shall file a motion for a new trial or notice of his intentions to prosecute a bill of exceptions, the Superior Court may require such person to give additional bail."

We are of the opinion that the power of the Superior Court to require additional bail to be given, is not restricted to the circumstances named in said section. From the nature and the purpose of criminal proceedings, the authority is inherent in the Superior Court to require respondents in criminal cases pending before it to give additional bail whenever in the judgment of that court, such additional bail becomes necessary to secure the presence of the respondent before it for trial or for sentence, provided the additional bail required be not excessive in amount. The jurisdiction of the court to try the respondent upon the charge against him or to impose sentence upon him is dependent upon his presence before the court at the trial or at the time of sentence as the case may be. The purpose of holding a respondent in custody is to secure his attendance at the trial or for sentence; and when he is bailed, although the immediate custody over him passes to the surety or sureties upon the recognizance, it is not intended thereby to jeopardize the right of the state to proceed against him upon the criminal charge. Our constitution provides that "all persons imprisoned ought to be bailed by sufficient surety, unless for offences punishable by death or by imprisonment for life, when the proof of guilt is evident or the presumption great." In accordance with this provision of the constitution, respondents are admitted to bail in such sums and with such sufficient sureties as in the opinion of the court or magistrate accepting bail will guarantee the attendance of the respondent for trial or for sentence.

The purpose of a criminal proceeding is not to secure to the state, the obligation of the respondent and the sureties in a penal sum. Such obligation is merely incidental to the

main proceeding; is taken for the benefit of the respondent; and is permitted, as far as such grace can be granted, without affecting the rights of the state or the performance by the state of its duty under the criminal law.  By the acceptance of such recognizance by the court, the state does not bargain away for a penalty, its rights to have the attendance of the respondent when required, nor does the court lose its authority to take such action as it may consider necessary to further its execution of the law.  *In re James*, 18 Fed. Rep. 853. If the recognizance be defaulted the right of the state is not restricted to a recovery of the penalty, but it may take proceedings to enforce the penalty, and at the same time, bring the respondent before the court and go on with his prosecution upon the criminal charge.

We are aware that a few courts have doubted their authority, in the absence of statute for that purpose, to require new or additional bail for the appearance of a respondent, while a recognizance already given by him for that purpose remained in full force with its conditions unbroken, and the respondent had not been surrendered by the sureties.  We find no such difficulty.  In entering into such prior recognizance, the petitioner acquired no vested rights superior to the right of the state to have him in court without fail when required.  In such recognizance there is no express, and we find no implied, provision that he shall not be required, upon a change of circumstances, to furnish further bail.  The giving of additional bail does not enlarge his obligation upon the prior recognizance, even if it does not discharge it.  If he fails to furnish such additional bail, and is committed to jail for such failure, as this respondent has been, his obligation and that of his sureties upon the recognizance already given undoubtedly is discharged.

We are of the opinion that said justice was acting within his jurisdiction in making the order complained of; and that the present detention of the petitioner in jail is not illegal.

Petition denied and dismissed.

*Anthony V. Pettine*, for petitioner.
*Livingston Ham, Assistant Attorney General*, for State.