## DOHERTY v. PATTERSON ET AL.*
(No. 1232; Oct. 22, 1925; 239 Pac. 1045)

EVIDENCE—BAIL—JURISDICTION OF JUSTICE—SUBSTITUTE BAIL BOND.

1. Supreme Court will not presume, on appeal from judgment dismissing action for false arrest, that justice of peace acted unlawfully by amending bond to appear at next term of district court, so as to require appearance at present session of such court, without defendant's consent.
2. Under Comp. St. 1920, §§ 7365, 7367, 7369, 7370, justice binding accused over to district court may admit him to bail at such time or at any time after filing transcript of preliminary proceedings in district court, on or without application, up until time district court obtains complete jurisdiction on finding of indictment or information.

3. Justice taking illegal bond requiring accused to appear at next term of district court may require new bond for appearance at present session of such court, as required by Comp. St. 1920, § 7365, though first bond may be enforced against accused, if necessary, by forfeiture or otherwise.

4. Justice's determination that conditions require that accused, released on insufficient or illegal bond, give new bond is merely exercise of jurisdiction to admit to bail, and will not be considered by Supreme Court as case of want or excess of jurisdiction, except, probably, where point is clear.

5. Accused, being presumed to know the law as well as justice of the peace, error in giving and taking bond to appear at next term of district court, was mutual, and accused could not complain that justice sought to correct it by subsequently requiring new bond for appearance at present session of such court.

6. Original information against accused, proceedings incident thereto, and justice's general power to admit to bail thereafter, gave him jurisdiction of case and right to require new bond for appearance at present session of district court, in place of illegal bond for appeaarnce at next term thereof, without filing of affidavit, application, or other paper.

7. Justice of peace has at least concurrent jurisdiction with district court to require accused, erroneously released on bond to appear at next term of district court, to give new bond for appearance at present session thereof, until indictment or information is filed in district court as contemplated by Comp. St. 1920, § 7369.

*See Headnotes (1) 22 C. J. p. 129; (2) 6 C. J. p. 973; (4) 6 C. J. p. 1007 (Anno) (5) 6 C. J. p. 1007 (Anno), 22 C. J. p. 148 (6) 6 C. J. p. 1007 (Anno); (7) 6 C. J. p. 1007 (Anno).

APPEAL from District Court, Albany County; VOLNEY J. TIDBALL, Judge.

Action by John Doherty against Geo. W. Patterson, Prosecuting attorney and M. C. Brown, Justice of the Peace and others. From a judgment of dismissal plaintiff appeals.

*F. E. Anderson* for appellant.

The trial court erred in requiring plaintiff to make his petition more definite and certain. The Justice of the

Peace acted without jurisdiction and is personally liable; Tyrone vs. Pingree, 67 A. S. R. 423; Glazer vs. Hubbard, 80 A. S. R. 342; Broom vs. Douglas, 44 L. R. A. NS 172. There was an unlawful arrest and violation of appellant's constitutional rights; Const. Art. 1, Section 4; Weeks vs. U. S. 34 Sup. Ct. Rep. 341. The Justice lost jurisdiction upon the filing of the transcript in District Court; 12 Cyc. 225; Hitchcock vs. Homer, 55 N. W. 841. The prosecuting attorney exceeded his authority and is therefore responsible to appellant; 11 R. C. L. 816; Schneider vs. Shepherd, L. R. A. 1916 F. 399; Burnap vs. Marsh, 13 Ill. Peck. 535; Gibson vs. Holmes, 4 L. R. A. NS. 451; Hamilton vs. Drug Co., 139 Pac. 642; all persons contributing to false imprisonment are liable; 11 R. C. L. 818; and this includes sureties State vs. McDaniel, 84 A. S. R. 618. Action for malicious prosecution may be joined with one for false imprisonment; San Antonio Ry. Co. vs. Griffin, 48 S. W. 542; Bauer vs. Clay, 8 Kans. 389; Wagstall vs. Gotthart Schippel, 27 Kans. 450; Castro vs. DeUriarte, 12 Fed. Rep. 250.

*C. P. Arnold* for respondent.

Appellant was charged with a felony and bound to appear in the District Court; the recognizance required his appearance at the next succeeding term instead of at the term then pending; appellant was entitled to a speedy trial; Const. Art. 1, Sec. 10; before filing of information the committing magistrate required appellant to give another bond for his appearance at the present term; appellant then sued the Justice and Prosecuting Attorney for civil damages; from a dismissal of his action he appeals. He also alleges error below in requiring him to amend his petition. Records of Justice Court cannot be contradicted collaterally; 6468 C. S. 15 C. J. 720; Bonding Co. vs. Hoyt, 90 Atl. 932; 15 C. J. 976. Justice Court may punish for contempt; 1176-1177 C. S. Disobedience of its lawful orders are punishable as contempt; 6637 C. S. Authorities cited by appellant do not sustain his contention, for the reason that

the facts in the present case do not create liability; appellant's authorities relate to abuses of criminal process to enforce civil remedies, cases where Justice had jurisdiction by change of venue, or cases where the Justice had never acquired jurisdiction, with the one exception of the case of Broom vs. Douglas, 44 L. R. A. NS. 172, and even that case denies liability where jurisdiction once acquired has been exceeded, and is not in point here.   A recognizance requiring appellant to appear in District Court forthwith was lawful; 7365 C. S. and disobedience of an order to so appear will be contempt; 6337 C. S.   The Justice had jurisdiction to bring the plaintiff before him by warrant; 6339-6641 C. S.   The Justice had jurisdiction in every respect and his proceedings are not subject to collateral attack; 13 C. J. 156-168.   The existence of jurisdictional facts supporting the judgment will be presumed; Ex-Parte Cuddy, 131 U. S. 280.   A Justice taking insufficient bail by error or imposition, may order a re-arrest and hold for better bail; 5 C. J. 438; 6 C. J. 982.   A valid second recognizance may be taken where the first was defective or insufficient; 6 C. J. 1007; State vs. Lagoni, 76 Pac. 1044; the statutes are liberal as to the rights of a Justice to require or accept bail; 6537, 7369, 7377 and 7386 C. S.   Even if the Justice exceeded his jurisdiction there is no civil liability; McGrew vs. Holmes, 124 N. W. 195; Austin vs. Vrooman, 14 L. RA. 138, 13 A. L. R. 1357; Calhoun vs. Little, 43 L. R. A. 630; Bradley vs. Fisher, 13 Wall 335; there is no distinction between superior and inferior courts in this regard; 13 A. L. R. 1345; Robertson vs. Hale, (N. H.) 44 Atl. 695; Lund vs. Hennessey, 671 Ill. App. 233; Broom vs. Douglas, supra; McDaniel vs. Farrell (Fla.) 13 A. L. R. 1333; Mundy vs. McDonald (Mich.) 20 A. L. R. 406; prosecuting officers are not liable in a civil action for malicious prosecution, false arrest or libel; Griffith vs. Slinkard, (Ind.) 44 N. E. 1001; Smith vs. Parnam (Kan.) 165 Pac. 663; Townsend 3rd ed. pp. 395-396; 32 Cyc. 717; State vs. Trinkle, 78 Pac. 855; Mitchell vs. Ripey, 82 Ky. 516; 18 C. J. 1316;

cases cited by appellant as to liability of public prosecutors relate to abuse of criminal process to further civil actions, and are not in point here. There was a misjoinder of defendants since the official bonds of a Justice of the Peace and a Prosecuting Attorney differ in condition; 1450 and 6455 C. S. The sureties on the two bonds are not identical and cannot be joined; State vs. Krause, 50 Pac. 88; Jones vs. Wright, 1 C. C. (N. S.) 59; 14 Cir. Dec. 649; respondent should be awarded costs, attorneys' fees and reasonable damages by this court, as provided by Section 6372 C. S.; Rex. vs. Watson, 19 L. R. A. 1518.

*F. E. Anderson* for appellant in reply.

The Justice acted without jurisdiction and the case comes within the rule announced in Broom vs. Douglas, 44 A. L. R. N. S. 175; also Hover vs. State, 27 A. L. R. 673.

BLUME, Justice.

This is an action in the nature of one for malicious prosecution and false arrest, brought by John Doherty, plaintiff below and appellant here, against George W. Patterson, county and prosecuting attorney of Albany county, M. C. Brown, a justice of the peace in said county and against the surety companies which had furnished the official bonds of said Patterson and Brown. The court required the plaintiff to amend his petition by making it more specific in certain respects. To the amended petition filed by plaintiff a demurrer was interposed on behalf of the several defendants, on the ground, among others, that the petition failed to state facts sufficient to constitute a cause of action. These demurrers were sustained by the court, and the plaintiff not pleading further, the case was dismissed. From the judgment so entered, the plaintiff brings this case here by direct appeal.

Without stating the allegations of the petition in detail, the facts appear to be about as follows: Appellant was arrested about November 17, 1922 for larceny of livestock in Albany county, alleged to have been committed about

October 15, 1922. He was taken before M. C. Brown, one of the defendants in said cause, as justice of the peace, who, after hearing the evidence, held said appellant to answer to said charge at the *next* term of the district court of said county, made a transcript of the proceedings and filed it in the district court about November 24, 1922. A recognizance or bail bond was fixed, given and approved in the sum of $500, which also provided for the appearance of said appellant at the next term of the court. The district court was then in session in said county, and said bond was, accordingly, not in conformity with section 7365 W. C. S. 1920, hereinafter set out, which provides that an accused shall in such event be held to answer in said court forthwith. Whether or not the foregoing bail bond was also filed in said district court does not appear from the petition, but counsel for appellant states that to be the fact in his brief. Thereafter, about November 27, 1922, said county attorney appeared before said justice of the peace, and without filing any papers of any kind, induced him to sign the following order, (leaving out the caption and signature) :

"The court having in open court ordered that said defendant give bond in the penal sum of $500 for his appearance at the *present* term of the district court, and said defendant having presented to this court a bond in the penal sum of $500, conditioned for the appearance of said defendant at the *next* term of the district court, the court hereby refuses to approve said bond and it is hereby ordered that said defendant be forthwith arrested by the sheriff of this county and brought before this court to give bail for his appearance at the present term of the district court of the Second Judicial District, in and for said county, as provided by law. Done in open court this 27th day of November, 1922."

In accordance with the said order so made, the appellant, who was then at large, was re-arrested to be brought before

the said justice. The petition alleges that after appellant's said arrest, nothing further was required of him, nor were any proceedings had before the said justice, aside from an order made by the latter to release appellant from custody. Judging, however, from what is stated in the briefs, the former bond given by the appellant was amended so as to require the appellant to appear at the then session of the district court. Whether that was done with the consent of the appellant does not appear, but we shall not presume that anyone acted unlawfully.

The case is not argued here from the standpoint as to whether or not the petition was technically sufficient or insufficient in stating a cause of action, but from the broad standpoint as to whether or not the justice of the peace and county attorney had authority to cause the appellant to be re-arrested in order to give a bail bond that would be in conformity with the statute, after a bail bond that was not in conformity therewith had once been given and approved. We shall, accordingly, adopt the same standpoint.

It is conceded by counsel for appellant that if the justice of the peace had jurisdiction to make the order of November 27, 1922, then the defendants herein are not liable in this action. But it is contended that said justice lost his jurisdiction in the premises when he bound the appellant over to the district court, fixed his bond to appear at the next term of court, approved it and filed the transcript of the proceedings in said district court.

Section 7365 W. C. S. 1920 provides:

"If the court to which the accused is recognized to appear is in session, the condition of the recognizance shall be that he shall appear at such court forthwith, and not depart therefrom without leave; but no recognizance requiring the accused to appear at the next term shall be rendered invalid by the fact that the court is in session."

Section 7367 provides that if the offense be not bailable or sufficient bail be not offered, the prisoner shall be committed to jail. Section 7369 provides, among other things, that when any person charged with the commission of any bailable offense shall be confined in jail, any judge of the supreme court or of the district court within his district or any justice of the peace within the county may admit him to bail. It states further:

"Provided, however, that if such accused shall have been committed to jail in default of bail after a preliminary examination before a justice of the peace, no justice of the peace other than the one who committed such accused shall afterwards admit him to bail in any less sum than that fixed by the committing justice at the time of such committment; and provided, further, that if an indictment has been found against such accused he shall not be admitted to bail by the justice of the peace, but he may be admitted to bail either by the judge of the court before which he will have to appear or by the clerk of the court   *   *   *.''

Section 7370 provides that in all cases when a judge or examining court shall recognize a prisoner, he shall forthwith deposit with the clerk of the proper court the recognizance so taken and also a warrant directed to the jailor, requiring him to discharge the prisoner.

Impliedly at least under the provisions of the foregoing statutes, and in accordance with continuous usage in this state for many years, a justice who binds an accused over to answer to a crime in the district court has the authority, in all bailable cases, to admit such accused to bail at that time. But his right in that respect does not end immediately. Under section 7369 aforesaid, his power to admit a prisoner to bail continues until such time that "an indictment has been found against such accused"—or an information, as we take it—in the district court. It does not appear that this had been done in the case at bar on November

27, 1922. The Supreme Court of Montana, in construing a provision similar to that of section 7369 and speaking of the filing of the proceedings of the justice in the district court, said in the case of State v. Lagoni, 30 Mont. 472, 76 Pac. 1044, as follows:

"Thus no other justice of the peace than the one who made the order may step in and admit the prisoner to bail. But the magistrate who committed him can, and we regard this section as an extension of the committing magistrate's jurisdiction to that extent. The act of certifying up his proceedings to the district court is a mere ministerial one on the part of the magistrate. The period elapsing after the magistrate has made an order committing the defendant and before he certifies his record to the district court is not one limiting the magistrate's power to accept and approve the undertaking. This section, which in terms allows the magistrate making the order to admit the defendant to bail, certainly means that the committing magistrate may approve and accept the undertaking, which he has himself required by his order made upon holding the defendant to answer. Any other construction of this statute would at times infringe seriously upon a prisoner's right to be admitted to bail."

There can be no doubt that a justice of the peace in Wyoming has just as much jurisdiction to admit prisoners, held to answer a crime in the district court, to bail as has a justice of the peace in Montana, and we refer to this, not so much because we deem this matter of decisive importance in this case, but because it must be apparent that the argument of counsel for appellant to the effect that a justice loses all jurisdiction of a case when he files the transcript of the proceedings on preliminary examination in the district court, is clearly fallacious. He has at least jurisdiction to admit the prisoner to bail subsequent to the filing of such transcript, up to the time that the district court obtains complete jurisdiction of the main case as contemplated

by section 7369, supra.  The proceeding for admission to bail seems in fact to be a sort of special proceeding, incident, it is true, to the main case, but not necessarily directly connected therewith, so far as the justice who admits to bail is concerned, as appears from the fact that another justice, not at all connected with the main case, has authority to admit to bail, having even the power, under certain circumstances, to fix the amount thereof.  Nor is there any requirement of a petition or application in such case, but the proceeding is evidently contemplated to be summary and informal.

We have a situation here, accordingly, where the justice had the general jurisdiction in connection with the admission of the appellant to bail on November 27, 1922.  Did he have jurisdiction in the particular case?  And did he, to be more specific, have power at that time to enforce the provisions of section 7365, requiring the appellant to appear at the then session of the court, notwithstanding the fact that he had made an order and accepted a bail bond in violation of the statute?  Hawkins, in his Pleas of the Crown, vol. 2, page 139, c. 15, sec. 4, states as follows:

"And if the person who has power to take bail be so far imposed upon as to suffer a prisoner to give bail by insufficient persons, it is said that either he or any other person who has power to bail him may require the party to file better surety and to enter into a new recognizance with them and may commit him on his refusal for that insufficient surety or no surety."

This was approved in the case of Spicer v. The State, 9 Ga. 49.  And in the case of Carothers v. Scott and Watt, Tappan (Ohio) 227, the court stated:

"If a justice of the peace is satisfied, on examination of the evidence in a criminal prosecution, that there are probably grounds to believe the person charged is guilty, it is his duty to commit such person to prison, unless he gives

good security in such sum as the justice may order, conditioned to appear at the next court of common pleas—he should ascertain the sufficiency of the security offered; should, if necessary, examine, on oath, the bail offered; but, with all ordinary precaution, a pauper may be imposed on him as a man of substance. What is he to do in such case? A man, charged with arson, robbery or burglary, all bailable offenses, against whom the circumstances are strong and the evidence positive, has procured himself to be liberated on bail who are not worth a cent. Is public justice to be thus fraudulently eluded? I should think not; but that, as soon as the magistrate discovers the imposition, he should cause the person charged to be brought again before him, and hold him to give sufficient security. The magistrate must, of necessity, exercise this power. If the books were entirely silent, I should not entertain a doubt on the subject; but the authority which has been read is direct and clear as to this point.''

In State v. McKoewn, 12 La. Ann. 596, it appears that a sheriff had taken an illegal bond; and had thereupon, apparently without any new process or proceedings, arrested the defendant a second time to take a new bond. This action was claimed to be unlawful, but the court ruled otherwise, saying:

''But supposing the sheriff had taken a bond which was illegal. He had the right to abandon the first and to execute a second one, because his duty was to accept none but a legal bond, and the first being void from its illegality must be considered as not having been taken.''

We think that these authorities dispose of appellant's contention herein. They show clearly that it is not only the right but the duty of an officer, who has taken an insufficient or illegal bond, to require one that is sufficient and legal. While under section 7365, supra, a bond such as was given by appellant in the first place, requiring him to appear at

the *next* term, will, if necessary, be enforced against him, by forfeiture or otherwise, it did not authorize the justice to take, or the appellant to give, one in contravention of the plain provisions thereof, and the bond given was to that extent, and with the limitation mentioned, insufficient and illegal. It would seem, in justice to the state, and as a matter of public policy, that there should be a method to correct such proceeding. Suppose, for instance, that a bond, the signatures of which are forged, is presented to the justice and, not knowing of the forgery, he approves it. Should he not have power, incident to his jurisdiction, to admit to bail, to remedy the imposition practiced upon him? We think it clear that he should have, and we apprehend that not even counsel for appellant would gainsay that. It is held that there is a distinction between a temporary restraint necessary to bring a party before one authorized to conduct an examination, and the restraint which follows a final adjudication upon his rights. In Re Union Bank, 147 App. Div. 593, 133 N. Y. S. 62, 67. We think that is true also in a case of a temporary restraint like that in the case at bar, and we are not inclined to construe the power of a justice too narrowly, when to do so would clearly mean a violation of the public policy to which we have referred. Granting then that the justice had power under the circumstances above mentioned, his jurisdiction must be equally existent under similar conditions, and the determination of the question whether these similar conditions exist, would seem to be but an exercise of jurisdiction, and this court would not consider it a case of want or excess of jurisdiction, except, probably, where the point is clear. The conditions here presented are, we think, of the same nature as the conditions in the foregoing illustration. For suppose again, that by inadvertence, the bond actually given requires an accused to make his appearance in the district court a year hence. Should not the same authority heretofore mentioned exist? We think so. And it is but a step from such a case to the one at bar. Appellant knew the law, or is presumed

to know the law, as well as the justice. He knew that the justice had no authority to require him, in this case, to appear at the *next* term of court. After he was bound over to answer to the charge against him in the district court, and after the amount of the bail bond was fixed, the duty performed by the justice in approving the bond was ministerial in its nature; that act could not, legally, nullify the judicial acts of the justice, namely, binding the appellant over to the district court, which by operation of law required the defendant to appear at the then session of the district court. It was the appellant's duty to give, and the justice's duty to take, a bond in conformity with the statute. If there was an error committed, it was at least mutual, and appellant has no just ground to complain that the justice sought to correct it. We see no force in the claim that some affidavit or application or other paper should have been filed, before the justice issued his order of November 27, 1922. The original information against the appellant and the proceedings incident thereto, and the general power to admit to bail thereafter as above mentioned, gave him jurisdiction of the case and of all things that might be done in connection therewith; and the order of November 27, 1922, grew out of it and was made in connection therewith. Nor can we concur in the contention that the district court alone had authority to require another bond. It was held in State v. Everymann, 172 Mo. 294, 72 S. W. 539, that such court has the inherent power to require a new bond of an accused, under certain circumstances, in a criminal charge pending in that court. That probably would be true in this state where an information, other than the one filed before the justice on preliminary hearing, has been filed against a party in that court. Whether that would be true immediately after the transcript of the proceedings at such hearing is filed by the justice is not so clear. In any event, we think that the justice has at least concurrent jurisdiction in the matter now under discussion,

until an indictment or information, as contemplated by section 7369 W. C. S. 1920, has been filed in the district court.

These conclusions make it unnecessary to discuss other questions raised in the brief. It follows that the judgment of the district court should be affirmed. It is so ordered.

*Affirmed.*

Potter, C. J., and Kimball, J., concur.