State ex rel. Ryan, Petitioner, vs. Kjelstad, Sheriff, Respondent.

*February 7—March 7, 1939.*

580

*W. G. Haddow* of Ellsworth, for the petitioner.

*Theo. A. Waller,* district attorney of Pierce county, for the respondent.

FOWLER, J.   Henry Ryan moved the court for a writ of *habeas corpus* running to the sheriff of Pierce county.   The purpose of the writ requested is to determine the validity of the imprisonment of Ryan, who is held in jail by the sheriff for trial in the circuit court for Pierce county.   The relator, who will hereinafter be referred to as the "defendant," was charged on complaint before a justice of the peace with assault with intent to attempt to rape a nine-year-old girl and bound over to the circuit court for trial on preliminary examination.   Bail was fixed at $1,500 and given, and the defendant released from custody.   The circuit court pursuant to order to show cause served upon the defendant based upon an affidavit of the district attorney that the bail appeared to him insufficient and stating that he considered that the bail should be fixed at not less than $5,000, ordered an additional bond of $3,500 for defendant's appearance for trial.   The defendant did not give it and was arrested and placed in

jail. Upon the record in the court below the defendant moved this court for a writ of *habeas corpus,* claiming the court was without power to increase the amount of the bond.

At common law the court in which a criminal action was pending exercised the power to fix the amount of the bail of the accused, and to increase the bail previously fixed when in its judgment increase appeared necessary to secure his attendance upon the trial. *People v. McLane,* 1 Wheeler Cr. Cas. 45; *People v. McKinnon,* 1 Wheeler Cr. Cas. 170, 173; *In re Mariano,* 34 R. I. 534, 84 Atl. 1086; *State v. Eyermann,* 172 Mo. 294, 72 S. W. 539. In the *Eyermann Case, supra,* p. 303, it is said that: "It is indisputable" that a court in which a case is pending has "the power at any time during the term at which Kratz [the accused] was let to bail, to alter, amend, cancel, or set aside any order made with respect thereto, notwithstanding he may have complied with its order fixing his bond at $5,000." The bond of the accused had been increased to $20,000. The point of the validity of the bond came up on forfeiture of bail. The bond was held good. Later in the opinion, page 304, it is said:

"So we hold that, if the court for any good and sufficient reason was of the opinion that the $5,000 bond was insufficient, it had the power to order that Kratz give a new bond, and if upon notice thereof he failed to comply with the order of the court, to order him into custody for failure to so do."

If the courts had the power stated at common law they still have it unless there be some statute taking it away from them. As to the circuit courts, it is doubtful if that power could be taken away from them by statute, but we need not go into that. The other cases above cited involve increases of bail after a finding of guilty by a jury to secure the attendance of the defendant upon the court for sentence. But if increase may be made in that situation, it may be made in any other that makes increase necessary in the judgment of the court to secure appearance for trial. This must perforce be so. Else if a Dillinger were held for trial in the

circuit court for bank robbery upon preliminary examination before a justice of the peace and the justice had fixed his bail at $5 the circuit court would be without power to increase it.

Counsel relies upon a statute of the state in support of his contention. It reads:

"331.34  *Renewal of sureties upon becoming insufficient and effects thereof.*  If any bail bond, recognizance, undertaking or other bond or undertaking given in any civil or criminal action or proceeding, shall become at any time insufficient, the court or judge thereof, justice of the peace or any magistrate before whom such action or proceeding is pending, may, upon notice, require the plaintiff or defendant, as the case may be, to give a new bond, recognizance or undertaking.  Every person becoming surety on any such new bond, recognizance or undertaking shall be liable from the time the original was given, the same as if he had been the original surety.  If any person shall fail to comply with the order made in such case the adverse party shall be entitled to any order, judgment, remedy or process to which he would have been entitled had no bond, recognizance or undertaking been given at any time."

This statute was followed by the court in the instant case. It does not expressly cover an increase in the amount of the bond, and the defendant claims it applies only to the sufficiency of sureties.  If so, then the common-law rule applies and the power of the court to increase the bail exists independent of the statute.

If, as the defendant contends, this statute by its terms applies only to sureties, this does not imply that bail cannot be increased if occasion requires.  It was so held in effect in the Rhode Island case above cited.  A statute existed in Rhode Island providing for bail bonds which had been complied with and the bond was still in force.  The contention was rejected that because the statute provided only for bail to appear for trial further bond could not be required.

The district attorney seeks to buttress the order of the circuit court by an affidavit presented to this court.  If the order needed buttressing beyond the matter presented to

the circuit court as basis for the increase moved, the affidavit here filed could not aid him. The matter before us must be decided upon the record made before the circuit court. From that record we infer, and it must be presumed, that the court considered the amount of the bond insufficient to secure the defendant's appearance for trial and ordered the increase to secure it. The additional fact alleged in the affidavit here presented was that a crowd had gathered at the home of the defendant, and the district attorney feared violence upon him if he were not put in jail. Obviously, the court had no power to require a bond from the defendant to protect him from violence. The only ground for increase of bail was that it seemed to the court necessary in order to secure the defendant's attendance for trial. So far as the fact of threatened injury to the defendant bore on the likelihood of his nonappearance, it would have been proper for us to consider had it been made of record below, but not having been so made it is not for our consideration.

*By the Court.*—The application for the writ of *habeas corpus* is denied.